Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE: Aura Castro

Case No.: 16-31012

Judge: KCF

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original    ☑ Modified/Notice Required    Date: January 30, 2018

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney RLL    Initial Debtor: A C    Initial Co-Debtor _____

### Part 1: Payment and Length of Plan

a. The debtor has paid to date the amount of $6,284.27 and shall continue to pay $1,202.18 Monthly* to the Chapter 13 Trustee, starting on February 1, 2018 for approximately 46 months remaining in the Chapter 13 Plan.

1

b. The debtor shall make plan payments to the Trustee from the following sources:
- [✓] Future Earnings
- [ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- [ ] Sale of real property
Description:
Proposed date for completion: _____

- [ ] Refinance of real property:
Description:
Proposed date for completion: _____

- [ ] Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection      [X] NONE

a. Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $_____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Russell L. Low 4745 | Attorney Fees | 2,500.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
[✓] None
[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                   Best Case Bankruptcy

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| ISERVERESLND | 5304 Emerson Street Piscataway, NJ 08854 Middlesex County | 46,781.68 | 2.25 | 49,863.39 | 2,721.03 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the

3

allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☑ **NONE**

The following secured claims are unaffected by the Plan:

Creditor

**g. Secured Claims to be Paid in Full Through the Plan** ☑ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5: Unsecured Claims    X NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $_____ to be distributed *pro rata*

☑ Not less than ___100___ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions    X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ **NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

### Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
   Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

   The Standing Trustee shall pay allowed claims in the following order:
   1) Ch. 13 Standing Trustee Commissions
   2) Other Administrative Claims
   3) Secured Claims
   4) Lease Arrearages
   5) Priority Claims
   6) General Unsecured Claims

d. **Post-Petition Claims**

   The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Part 9: Modification** ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: November 16, 2016.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtor is paying back all pre-petition mortgage arrears to the mortgage company. Debtor wishes to pay back pre-petition arrears. Car leases have matured and removed Toyota Motor from the plan. | Amended schedules I&J and modified plan to pay back all arrears through the plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☑ Yes    ☐ No

**Part 10: Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures
☐ NONE
☑ Explain here:
*This plan is a step plan or has lumpsum payments as follows: $468.57 per month for 14 months, then $1,202.18 per month for 46 months

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date    January 30, 2018    /s/ Russell L. Low
Russell L. Low 4745
Attorney for the Debtor

Date:    January 30, 2018    /s/ Aura Castro
Aura Castro
Debtor

Date:    _____
Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

Date    January 30, 2018    /s/ Russell L. Low
Russell L. Low 4745
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:    January 30, 2018    /s/ Aura Castro
Aura Castro
Debtor

Date:    _____
Joint Debtor

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                 Case No. 16-31012-KCF
Aura Castro                                                            Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin               Page 1 of 2               Date Rcvd: Jan 31, 2018
                              Form ID: pdf901           Total Noticed: 19

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 02, 2018.
```
db             +Aura Castro,    5304 Emerson Street,     Piscataway, NJ 08854-4623
516480048       BANCO POPULAR,    209 MUNOZ RIVERA AVE,     SAN JUAN, PR 00918
516480049     ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: BK OF AMER,      PO BOX 982238,    EL PASO, TX 79998)
516480050     ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
               (address filed with court: CAPITAL ONE BANK USA N,      15000 CAPITAL ONE DR,
                 RICHMOND, VA 23238)
516480052      +ISERVERESLND,    PO Box 77404,    Trenton, NJ 08628-6404
516507406      +Sigue Corporation,    3520 Wilshire Blvd,     Los Angeles, CA 90010-2302
516507407      +Southern Bank Emerg Physicans,     PO Box 37794,    Philadelphia, PA 19101-5094
516480055     ++TOYOTA MOTOR CREDIT CORPORATION,     PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: TOYOTA MOTOR CREDIT,      4 GATEHALL DR STE 350,
                 PARSIPPANY, NJ 07054)
516568760      +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,      PO Box 9013,
                 Addison, Texas 75001-9013
516553462      +Toyota Motor Credit Corporation,     PO Box 9013,    Addison, Texas 75001-9013
516480061     ++WELLS FARGO BANK NA,    WELLS FARGO HOME MORTGAGE AMERICAS SERVICING,
                 ATTN BANKRUPTCY DEPT MAC X7801-014,     3476 STATEVIEW BLVD,    FORT MILL SC 29715-7203
               (address filed with court: WFHM,     8480 STAGECOACH CIR,     FREDERICK, MD 21701)
516596543       Wells Fargo Bank, N.A.,    Wells Fargo Education Financial Services,
                 PO Box 10438, MAC F8235-02F,    Des Moines, IA 50306-0438
516590128      +iServe Residential Lending, LLC,     c/o Cenlar FSB,    425 Phillips Blvd.,    Ewing NJ 08618-1430

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jan 31 2018 22:50:31      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 31 2018 22:50:28       United States Trustee,
                 Office of the United States Trustee,     1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
516480051      +E-mail/Text: electronicbkydocs@nelnet.net Jan 31 2018 22:50:33       DEPT OF EDUCATION/NELN,
                 121 S 13TH ST,    LINCOLN, NE 68508-1904
516700582       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 31 2018 22:56:37
                 Portfolio Recovery Associates, LLC,     c/o Capital One Bank, N.a.,    POB 41067,
                 Norfolk VA 23541
516480054      +E-mail/PDF: gecsedi@recoverycorp.com Jan 31 2018 22:56:18       SYNCB/JCP,    PO BOX 965007,
                 ORLANDO, FL 32896-5007
516495093      +E-mail/Text: electronicbkydocs@nelnet.net Jan 31 2018 22:50:33
                 U.S. Department of Education C/O Nelnet,     121 S 13TH ST, SUITE 201,    LINCOLN, NE 68508-1911
                                                                                               TOTAL: 6

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516480053       PROV/ISERVE RESIDENTIA
lm*            +ISERVERESLND,    PO Box 77404,    Trenton, NJ 08628-6404
516480056*    ++TOYOTA MOTOR CREDIT CORPORATION,     PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: TOYOTA MOTOR CREDIT CO,      4 GATEHALL DR STE 350,
                 PARSIPPANY, NJ 07054)
516480057*    ++TOYOTA MOTOR CREDIT CORPORATION,     PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: TOYOTA MOTOR CREDIT CO,      4 GATEHALL DR STE 350,
                 PARSIPPANY, NJ 07054)
516480058*    ++TOYOTA MOTOR CREDIT CORPORATION,     PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court: TOYOTA MOTOR CREDIT CO,      4 GATEHALL DR STE 350,
                 PARSIPPANY, NJ 07054)
516480060*     +TRANSWORLD SYSTEM INC/,     2235 MERCURY WAY STE 275,    SANTA ROSA, CA 95407-5463
516577353*     +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,      PO Box 9013,
                 Addison, Texas 75001-9013
516577355*     +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,      PO Box 9013,
                 Addison, Texas 75001-9013
516480059     ##+TRANSWORLD SYSTEM INC/,     2235 MERCURY WAY STE 275,    SANTA ROSA, CA 95407-5463
                                                                                      TOTALS: 1, * 7, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
District/off: 0312-3          User: admin              Page 2 of 2             Date Rcvd: Jan 31, 2018
                              Form ID: pdf901          Total Noticed: 19
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 02, 2018                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 30, 2018 at the address(es) listed below:
              Albert   Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor   Toyota Lease Trust dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Rebecca Ann Solarz    on behalf of Creditor   Toyota Lease Trust rsolarz@kmllawgroup.com
              Russell L. Low    on behalf of Debtor Aura  Castro rbear611@aol.com,
               ecf@lowbankruptcy.com;r57808@notify.bestcase.com
              William M. E. Powers, III    on behalf of Creditor   Cenlar FSB servicing agent for iServe
               Residential Lending, LLC ecf@powerskirn.com
              William M. E. Powers, III    on behalf of Loss Mitigation    ISERVERESLND ecf@powerskirn.com
              William M.E. Powers    on behalf of Creditor   Cenlar FSB servicing agent for iServe Residential
               Lending, LLC ecf@powerskirn.com
              William M.E. Powers, III    on behalf of Creditor   Cenlar FSB servicing agent for iServe
               Residential Lending, LLC ecf@powerskirn.com
                                                                                             TOTAL: 8
```